IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE

     v.                                  C.A. NO. 12-5823

EAST HILLS MORAVIAN CHURCH,
INC., et al.

MEMORANDUM OPINION AND ORDER

SCHMEHL, J.                                  SEPTEMBER 12, 2013

        Plaintiff, a resident of Florida, brought this diversity action to recover damages for

alleged sexual abuse which he claims occurred from 1966 to 1969 while he was member of the

Boy Scouts.  Named as defendants are East Hills Moravian Church, Inc. (the "Church"), a non-

profit corporation registered to do business in the State of Pennsylvania, Boy Scouts of America,

Inc. ("Boy Scouts"), a federally chartered corporation, with headquarters in New Jersey and

operating in part in Pennsylvania, Minsi Trails Council, Inc., Boy Scouts of America, Inc.

("Minsi Trails"), a non-profit corporation registered to do business in the State of Pennsylvania,

Scoutmaster Mike Jacobs ("Jacobs") and Assistant Scoutmaster Don Levine ("Levine").

        The Complaint asserts state law claims for sexual abuse, intentional infliction of

emotional distress, fraud by omission, constructive fraud and a claim under the New Jersey Child

Sexual Abuse Act.   Presently before the Court is the joint motion to dismiss for failure to state a

claim filed by the Boy Scouts and Minsi Trails pursuant to Fed. R.Civ. P. 12(b)(6) and a separate

motion to dismiss for failure to state a claim filed by the Church. For the reasons that follow,

both motions will be granted.

Both motions argue that the suit is time-barred by the applicable statute of limitations. Ordinarily a statute of limitations defense cannot be raised by means of a Federal Rule of Civil Procedure 12(b)(6) motion; however, our Court of Appeals has noted that an exception is made when the complaint on its face demonstrates noncompliance with the limitations period. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). "The 'Third Circuit Rule' 'permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Martin v. Ford Motor Co., 765 F.Supp. 2d 673, 686 (E.D.Pa. 2011) (quoting Robinson, 313 F.3d at 135).

According to plaintiff, the Church formed the Boy Scout troop of which plaintiff was a member and the troop was jointly operated by the Church and Boy Scout Defendants. Compl at ¶¶ 11-12. The Defendants selected Jacobs to serve as a religious advisor and Scout leader and consented to have Jacobs act on their behalf. Compl. at ¶ 13. Plaintiff alleges that he was born in 1954 and, between 1964 and 1969, participated in a Boy Scouts program in the Bethlehem, Pennsylvania area. Compl. at ¶ 10. Plaintiff alleges that between 1966 and 1969, he was sexually abused and molested in Pennsylvania on dozens of instances by Jacobs and Levine who at all times were acting within the scope of their agency for Defendants. Compl. at ¶ 19. Plaintiff claims that as a result of the sexual abuse by Jacobs and Levine, he suffered and will continue to suffer severe physical, mental and emotional injury. Compl. at ¶ 20.

In diversity cases, federal courts sitting in Pennsylvania must apply substantive Pennsylvania law, and "statutes of limitations are considered substantive." See Ciccarelli v. Carey Canadien Mines, Ltd., 757 F.2d 548, 552 (3d Cir. 1985).[1]  Under Pennsylvania law, tort claims for intentional conduct and conduct arising out of fraud are governed by a two-year statute of limitation.  42 Pa. C.S.A. § 5524 (1), (7). In addition, Pennsylvania courts have consistently applied a two-year statute of limitations to allegations of sexual abuse  See e.g., Dalrymple v. Brown,  701 A.2d 164, 170 (Pa. 1997); Delaney v. Achdiocese of Philadelphia, 924 A.2d 659, 661  (Pa. Super. 2007); Vojtasek v. Diocese of Allentown, 916 A.2d 637, 639 (Pa. Super. 2006); Aquilino v. Phila. Catholic Archdiocese, 884 A.2d 1269, 1275 (Pa. Super. 2005); Baselice v. Franciscan Friars Assumption BVM Province, Inc., 879 A.2d 270, 275 (Pa. Super. 2005); Meehan v. Archdiocese of Philadelphia, 870 A.2d 912, 919 (Pa. Super. 2005).

The statute of limitations period begins to run "as soon as a right to institute and maintain a suit arises; lack of knowledge, mistake or understanding do not toll the running of the statue of limitations."  Pocono v. Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). A person asserting a claim "is under a duty to use all reasonable diligence to be properly informed of facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." Id.

---

[1] Plaintiff argues in his response that New Jersey law should govern this action. There is absolutely no basis for this contention. Plaintiff specifically alleges that venue is proper in Pennsylvania because "substantial events, acts and omissions occurred in the State of Pennsylvania."  Compl. at ¶ 9.  Plaintiff also alleges that all of the alleged acts occurred in the "State of Pennsylvania, at some time between approximately 1966 and 1969."  Id. at ¶ 19. The only connection this action has with New Jersey is that the Boy Scouts is alleged to have headquarters there. Id. at ¶12. Since this suit is governed by Pennsylvania law, the Court will not consider plaintiff's claim brought under the New Jersey Child Sexual Abuse Act, N.J.S.A. - 2A:61B–1.

Since, according to plaintiff's own allegations, the latest assault on plaintiff would have taken place in 1969 when plaintiff was 15 years old, plaintiff had until 1971 to assert claims against the defendants. Since plaintiff did not commence suit until 2012, some 40 years later, plaintiff's causes of action are time-barred by Pennsylvania's two-year statute of limitations.[2]

Plaintiff argues that the two-year statute of limitations should be tolled by the "discovery rule." Specifically, plaintiff alleges that he could not have discovered prior to 2011 the causal relationship between the abuse and injuries he suffered as a result of the abuse because of the consequences of the abuse such as "PTSD, child abuse syndrome, compartmentalization, avoidance, dissociative amnesia or denial." Compl. at ¶ 22. Plaintiff alleges that he did not become aware of the causal connection between his injuries and the defendants' roles in their cause until 2011 when the Oregon Supreme Court ordered the Boy Scouts to release certain "secret Perversion files" and the order was covered in the media. Id.

"[T]he discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises." Fine v. Checcio, 870 A.2d 850, 859. (Pa. 2005). "The very essence of the discovery rule in Pennsylvania is that it applies only to those situations where the nature of

---

[2] In 1966 through 1969, when the alleged abuse occurred, Pennsylvania did not have a tolling provision for a minor's tort claim. Pennsylvania's minority tolling provision, 42 Pa.C.S.A. § 5533(b), was not enacted until May 30, 1984, and does not apply retroactively. Larthey by Larthey v. Bland, 532 A.2d 456, 462 (Pa. Super. 1987).

Similarly, in August 2002, Pennsylvania extended its statute of limitations with regard to claims for childhood sexual abuse until twelve years after a person reaches the age of majority. 42 Pa.C.S.A. § 5533(b)(2). That amendment also does not apply retroactively to revive an action that was otherwise time-barred by 2002. Baselice, 879 A.2d at 274 n.1. In any event, Plaintiff alleges that he was born in 1954 and was therefore way past the twelve year period following the reaching of the age majority (30 years of age) at the time he filed this suit.

the injury itself is such that no amount of vigilance will enable the plaintiff to detect an injury."

Dalrymple, 701 A.2d 164, 170.[3]

        With respect to allegations of child sexual abuse, state and federal courts in

Pennsylvania have repeatedly found sexual assaults to be immediately discoverable by a

reasonable person. See Dalrymple, supra (repression of memory case); E.J.M. v. Archdiocese of

Philadelphia, 622 A.2d 1388 (Pa. Super. 1993); Baily v. Lewis, 763 F.Supp. 802 (E.D.Pa. 1991),

*aff's mem.*, 950 F.2d 721 (3d Cir. 1991) (predicting that even in a repression of memory case, the

Supreme Court of Pennsylvania would not permit application of the discovery rule in a sexual

assault case). This because "in a typical battery, all the elements of the offensive touching will be

present and ascertainable by the plaintiff at the time of the touching itself." Dalrymple 701 A.2d

at 170.

        Pennsylvania courts have held where the plaintiff knew the sexual abuse was

occurring and who was committing the act, then that "is simply not a case where the plaintiff,

despite the exercise of objectively measured reasonable diligence *could not* know of his injury

and its cause within the limitations period." E.J.M., 622 A.2d at 1394 (Pa. Super 1993)

(emphasis in original). See, also Baselice, 879 A.2d at 277; Meehan, 870 A.2d at 920. Moreover,

it is the law in Pennsylvania that where plaintiff is aware of "the facts concerning the occurrence

of his injury" and the "causative relationship" between the injury and defendant's conduct, the

---

[3] Although the question of due diligence in the context of the discovery rule is usually
reserved for the jury, in cases "where the facts are so clear that reasonable minds cannot differ as
to whether the plaintiff should reasonably be aware that he has suffered an injury, the
determination as to when the limitations period commences may be made as a matter of law."
Kingston Coal Company v. Felton Min.Co., Inc. 690 A.2d 284, 290 (Pa. Super. 1997) 69 A.2d at
284.

fact that the plaintiff does not know that he has a cause of action will not prevent the statute from running.  Vernau v. Vic's Market, Inc., 896 F.2d 43, 46 (3d Cir. 1990);  Citsay v. Reich, 551 A.2d 1096, 1098 (Pa. Super. 1988); Bickford v. Joson, 533 A2d 1029, 1033 (Pa. Super.1987) *alloc. denied*, 544 A.2d 959 (1988).

The sexual assaults alleged by plaintiff are exactly of the nature that the Pennsylvania Supreme Court in Dalrymple held to be immediately discoverable by a reasonable person. Compl. at ¶¶ 18, 19. .  Indeed, Plaintiff does not allege that he was not aware that the abuse was occurring at the time it was occurring or that he did not know the identity of the perpetrators. The fact that plaintiff may hay have later suffered a mental capacity to remember the abuse is irrelevant. E.J.M.,  622 A.2d at 1394; Baily, 763 F.Supp. at 810.  It is also irrelevant that plaintiff did not become aware that he may have a cause of action against the defendants until 2011. Vernau, supra.  As a result, the Court finds that reasonable minds could not differ that plaintiff was aware of his injury and its cause at the time of the injury itself. As a result, the Court finds that the discovery rule does not apply as a matter of law.

Plaintiff also contends that the statute of limitations should be tolled by the fraudulent concealment doctrine.  Specifically, plaintiff alleges that the defendants "concealed their respective and sometime overlapping institutional child abuse problem for the purpose and with the result of preventing abuse survivors from understanding their own abuse and Defendants' role in it and thereby delay and prevent victims, including Plaintiff, from filing suit." Compl at ¶ 22.  According to plaintiff, "the Boy Scout Defendants ....were aware or should have been aware of the extent of the pedophilia threat in any Boy Scout troop between 1966 and 1969, having secreted the collection of thousands of Ineligible Volunteers or Perversion files of

Scoutmasters." Id.

     Under the fraudulent concealment doctrine where "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." Kingston, 690 A.2d at 290 (1997)(citing Molineux v. Reed, 516 Pa. 398, 532 A.2d 792, 794 (1987)). The defendant's conduct "need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient...mere mistake, misunderstanding or lack of knowledge is insufficient however, and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party." Id. Moreover, "in order for fraudulent concealment to toll the stature of limitations, the defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied." Id.  In the context of child abuse, an affirmative act is one that would mislead the plaintiff into "believing that the alleged sexual abuse did not occur, that it had not been committed by [the Defendant] or that the alleged sexual abuse did not result in injury to" plaintiff. Delaney 924 A.2d at 663-664.

     Here, Plaintiff does not allege that he relied on any affirmative act or concealment by any of the defendants which caused him to forgo pursuit of his claims. Specifically, he does not allege any affirmative act that would have mislead plaintiff into believing that the alleged sexual abuse did not occur, that it had not been committed by Jacobs and Levine or that it did not result in injury to plaintiff.  Rather, plaintiff alleges that the Boy Scout defendants "were aware or should have been aware of the pedophilia threat in any Boy Scout Troop between 1966 and 1969, having secreted the collections of thousands of Ineligible Volunteers of Perversion files of

7

Scoutmasters." Compl at ¶ 22. Such a general allegation of concealment, without any additional affirmative act of concealment, has been held by Pennsylvania courts not to constitute fraudulent concealment for the purpose of tolling the statute of limitations. See, e.g., Meehan, 870 A.2d at 917-18, 920, 921.

In further support of his contention that the court should apply the discovery rule or fraudulent concealment doctrine to toll the statute of limitations in this case, plaintiff directs the Court's attention to the Supreme Court's decision in Fine, supra. Under the facts of that case, the Pennsylvania Supreme Court ruled that the question of whether the discovery and fraudulent concealment doctrines applied was a question for the jury. Plaintiff argues that the question of whether the discovery rule and fraudulent concealment doctrine apply to the facts of this case should be decided by a jury. The Fine case, however, did not involve allegations of child sexual abuse, but instead dealt with allegations of dental malpractice. The Court found that a dispute for a jury existed as to whether a reasonable person exercising due diligence would have believed the numbness the plaintiff experienced following the extraction of four wisdom teeth was the manifestation of an injury or merely the typical condition that dental surgery produces. Fine, 870 A 2d at 861-62. By contrast, any reasonable person in plaintiff's situation would have known that he had been injured at the time he was allegedly assaulted by Jacobs and Levine.

With respect to the fraudulent concealment doctrine, the Court in Fine specifically found that the defendant dentists had made certain affirmative statements which, if believed by a jury, might have led a jury to conclude that the defendants had fraudulently concealed that an injury from dental malpractice had occurred. 870 A.2d at 862-63. Plaintiff does not allege that

8

the defendants made any affirmative statements that the alleged sexual assaults did not occur or were not committed by Jacobs and Levine. For these reasons, the Court finds that plaintiff's reliance on <u>Fine</u> is misplaced.

In sum, the Court finds that this action is barred by Pennsylvania's two-year statute of limitations and that the discovery rule and fraudulent concealment doctrine do not apply to toll the two-year statute.

An appropriate Order follows.